PER CURIAM.
 

 In this case, three franchise dealers for Sterling Truck Corporation petitioned the Department of Highway Safety and Motor Vehicles (DHSMV) for an administrative hearing pursuant to section 320.641(3), Florida Statutes (2008), which provides: “Any motor vehicle dealer who receives a notice of intent to discontinue, cancel, not renew, modify, or replace may, within the 90-day notice period, file a petition or complaint for a determination of whether such action is an unfair or prohibited discontinuation, cancellation, nonrenewal, modification, or replacement.” In their complaints, the dealers contended that Sterling Truck Corporation’s notice of its decision to cease manufacturing the Sterling line-make
 
 [1]
 
 triggers hearing rights. The complaints alleged that the decision was made in bad faith, was not undertaken for good cause, and will result in an unfair or prohibited termination of the franchise agreements. In the final order under review, DHSMV dismissed the dealers’ complaints on grounds that section 320.641 contains no “clear manifestation of the Legislature’s intent to in any way limit a manufacturer’s right to choose to go out of business.”
 

 DHSMV ruled in effect that the cessation of manufacturing operations never affords a dealer the right to petition for a fairness determination pursuant to section 320.641. While we agree DHSMV has no authority to order continued manufacture, we agree with the dealers that the decision to stop manufacturing Sterling trucks may properly be viewed as a modification, if not as an outright termination, of the franchise agreement.
 
 See Stadium Chrysler Jeep, L.L.C. v. DaimlerChrysler Motors Co.,
 
 324 F.Supp.2d 587 (D.N.J.2004);
 
 LaPosta Oldsmobile, Inc. v. Gen. Motors Corp.,
 
 426 F.Supp.2d 346 (N.D.W.V.2006).
 
 But see Hechler Chevrolet, Inc. v. Gen. Motors Corp.,
 
 230 Va. 396, 337 S.E.2d 744 (1985);
 
 L & B Truck Servs., Inc. v. Daimler Trucks N. Am. LLC,
 
 2009 WL 3584346 (D.Vt.2009). We express no view on whether ceasing production of the Sterling line-make violates sections 320.60-320.70, or on whether the complaints in this case are pleaded with sufficient particularity. These issues were not reached below. But we conclude that the mere fact of compliance with the franchise agreement does not preclude an administrative hearing.
 
 [2]
 

 
 *207
 
 Pursuant to section 320.641(3), Florida Statutes (2008), a dealer has the right to an administrative hearing, upon receipt of a manufacturer’s notice of intent to discontinue or modify, in order to show, if it can, that discontinuance or modification violates sections 320.60-320.70, Florida Statutes (2008).
 

 Reversed and remanded.
 

 WOLF, BENTON, and PADOVANO, JJ., concur.
 

 [1]
 

 . It seems to be undisputed that the owners of Sterling Truck Corporation manufacture heavy truck line-makes under two other brand names (Freightliner and Western Star).
 

 [2]
 

 . While contemplating a unilateral decision by the manufacturer to stop producing Sterling trucks, these franchise agreements also provide for termination or modification of the
 
 *207
 
 franchise agreements by other means. The statute provides:
 

 A discontinuation, cancellation, or nonre-newal of a franchise agreement is unfair if it is not clearly permitted by the franchise agreement; is not undertaken in good faith; is not undertaken for good cause; or is based on an alleged breach of the franchise agreement which is not in fact a material and substantial breach; or, if the grounds relied upon for termination, cancellation, or nonrenewal have not been applied in a uniform and consistent manner by the licensee .... A modification or replacement is unfair if it is not clearly permitted by the franchise agreement; is not undertaken in good faith; or is not undertaken for good cause. The applicant or licensee shall have the burden of proof that such action is fair and not prohibited.
 

 § 320.641(3), Fla. Stat. (2008).